IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR JACKSON,<br><br>        Plaintiff,<br><br>vs.<br><br>RANDY IRWIN, Facility Manager;<br>JASON K. KUNDICK, Captain of<br>Security; LISA FISCUS, Disciplinary<br>Hearing Examiner; KYLE BAUER,<br>Correctional Officer I,<br><br>        Defendants. | 1:22-cv-352<br><br>District Judge J. Nicholas Ranjan<br><br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

This pro se prisoner civil rights case was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Mr. Jackson filed an amended complaint on July 27, 2023, asserting two claims for relief under Section 1983: (1) Count I, which alleges that Defendants retaliated against Mr. Jackson for exercising his First Amendment rights; and (2) Count II, which alleges that Defendants violated his rights under the Fifth and Fourteenth Amendments. ECF 25.

Defendants moved to dismiss the amended complaint. ECF 27. Defendants argued that Mr. Jackson: (1) failed to state a retaliation claim under the First Amendment; (2) failed to state a due-process claim under the Fourteenth Amendment; (3) did not exhaust his administrative remedies; (4) is barred from bringing suit against Defendants in their official capacities by sovereign immunity; and (5) failed to allege personal involvement under Section 1983 as to Defendants Kyle Bauer and Randy Irwin. ECF 28.

Currently before the Court is ECF 43, a Report & Recommendation filed by Judge Kelly on January 4, 2024, recommending that the Court grant in part and deny in part Defendants' motion to dismiss. Judge Kelly recommends that the Court: (1) deny the motion to dismiss as to Mr. Jackson's First Amendment retaliation claim; (2) deny the motion to dismiss as to Mr. Jackson's Fourteenth Amendment due-process claim and sua sponte dismiss Mr. Jackson's Fifth Amendment due-process claim; (3) deny the motion as to Defendants' assertion that Mr. Jackson did not exhaust his administrative remedies; (4) grant the motion as to Mr. Jackson's official-capacity claims; and (5) grant the motion as to Mr. Jackson's claims against Defendants Irwin and Bauer. ECF 43. Judge Kelly further recommends that the Court grant Mr. Jackson leave to amend, except as to the Fifth Amendment claim.

The parties were notified that, pursuant to 28 U.S.C. § 636(b)(1), objections to the Report & Recommendation were due by January 18, 2024 (for ECF users) and January 22, 2024 (for non-ECF users). Mr. Jackson filed objections on January 25, 2024, objecting only to Judge Kelly's fifth recommendation—that is, that he failed to allege personal involvement of Defendants Irwin and Bauer. ECF 45. The Court has therefore reviewed Judge Kelly's first four recommendations to which Mr. Jackson did not object for clear error. Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (Ambrose, J.), aff'd, 276 F. App'x 125 (3d Cir. 2008). Finding no clear error, the Court adopts those recommendations.

As to the fifth recommendation to which Mr. Jackson objected, the Court reviews it de novo. 28 U.S.C. § 636(b)(1). In his objections, Mr. Jackson argues that he has sufficiently alleged personal involvement of Defendants Irwin and Bauer such that Defendants' motion to dismiss on that point should be denied. Id.

After careful review, the Court overrules Mr. Jackson's objection and adopts Judge Kelly's recommendations.

"When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an 'affirmative part' in the complained-of misconduct." Rogers v. United States, 696 F. Supp. 2d 472, 488 (W.D. Pa. 2010) (McLaughlin, J.). A plaintiff must plead "personal involvement" on the part of the defendant. Id. "If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official." Id. If "the only involvement alleged in the Complaint" is the defendant's "review and denial of [the plaintiff's grievance[,]" such an allegation is not enough to state a claim. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

Beginning with the claim against Mr. Irwin, the only allegation relating to Mr. Irwin's personal involvement in Mr. Jackson's grievance is that Mr. Jackson "filed an administrative appeal" with Mr. Irwin and that Mr. Irwin denied that appeal. ECF 25, ¶ 24. Because Mr. Irwin's only involvement was ruling on Mr. Jackson's grievance "after the incident giving rise to the grievance ha[d] already occurred," Mr. Jackson has not sufficiently pled personal involvement. Rogers, 696 F. Supp. 2d at 488.[1]

---

[1] In his objections, Mr. Jackson cites Williams v. Bitner, 359 F. Supp. 2d 370, 377 (M.D. Pa. 2005), aff'd in part, remanded in part, 455 F.3d 186 (3d Cir. 2006), and argues that this case holds that where a disciplinary action is unconstitutional, all who "review and approve the discipline are liable." ECF 45, p. 3 (citing Williams, 359 F. Supp. 2d at 377). Williams is distinguishable because, unlike there, Mr. Jackson has not here pled the requisite personal involvement, which includes participation or actual knowledge. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations that hearing officers dismissed claims without "contemporaneous knowledge of any constitutional wrongdoing" are not sufficient. Cooper v. Beard, No. 06-0171, 2006 WL 3208783, at *14 (E.D. Pa. Nov. 2, 2006).

As to the claim against Mr. Bauer,[2] the same holds true, though it a closer call. The only allegation relating to Mr. Bauer's personal involvement is his failure to properly deliver Mr. Jackson's misconduct report—that is, that Mr. Bauer provided the report, but not with all of the required grievance forms that are required by prison policies. ECF 25, ¶ 16. That allegation isn't enough to establish "personal involvement." The failure to follow prison policies for grievances, standing alone, is not a constitutional violation. Tennille v. Quintana, 443 F. App'x 670, 672 n.2 (3d Cir. 2011). That said, if Mr. Jackson can amend his claim to allege that Mr. Bauer knew of the retaliatory conduct, then that, together with Mr. Bauer's failure to provide the appropriate grievance forms, suggests a plausible claim of retaliation by Mr. Bauer. As it is pled now, the amended complaint appears to paint Mr. Bauer as simply a courier who provided the wrong forms, not as someone who was personally involved in the retaliation.

AND NOW, this 28 day of May, 2024, it is hereby ORDERED that Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

(1) Mr. Jackson's claims against Defendants in their official capacities are DISMISSED with prejudice, and without leave to amend;

(2) Mr. Jackson's claim against Defendants Irwin and Bauer is DISMISSED without prejudice and with leave to amend.

(3) The motion is DENIED in all other respects.

It is FURTHER ORDERED that Mr. Jackson's Fifth Amendment due process claim is DISMISSED with prejudice and without leave to amend.

---

[2] In Mr. Jackson's objections, he doesn't seem to challenge Judge Kelly's dismissal of Mr. Bauer (rather, his focus is on the claim against Mr. Irwin). But because that part of the R&R concerned both Mr. Irwin and Mr. Bauer and because Mr. Jackson objected to the dismissal of Mr. Irwin, the Court reviews this issue de novo, too.

-5-

It is FURTHER ORDERED that Judge Kelly's Report & Recommendation (ECF 43) is ADOPTED as the opinion of the Court, subject to the additional discussion in this order.

It is FURTHER ORDERED that Mr. Jackson may, if he so chooses, file a second amended complaint to attempt to cure the pleading deficiencies with respect to those claims the Court has dismissed without prejudice. Any such amended complaint must be filed by June 11, 2024.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Omar Jackson
DT-7049
SCI FOREST
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239