IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> RANDY IRWIN, *Facility Manager*; JASON K. KUNDICK, *Captain of Security;* LISA FISCUS, *Disciplinary Hearing Examiner;* KYLE BAUER, *Correctional Officer 1*, <br><br> Defendants. | Civil Action No. 22-352E <br> District Judge J. Nicholas Ranjan <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 64 |

## MEMORANDUM ORDER

Plaintiff Omar Jackson ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Forest ("SCI-Forest"), filed this action arising out of allegations that he was improperly confined to the restricted housing unit ("RHU") in retaliation for sending an email. ECF No. 25.

Presently before the Court is a Motion to Compel filed by Plaintiff. ECF No. 64. For the reasons that follow, the Motion to Compel is granted in part and denied in part.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

#### A. Factual Allegations

##### 1. Plaintiff's email to Oliver Holmes

On April 28, 2022, Plaintiff, while an inmate at SCI-Forest, sent the following email to Oliver Holmes ("Holmes"), a person who advocates for inmates.[1]

> Baby girl, good morning. In case you forgot, can you google that info that I gave you: "Prisons Foundation, Legal Mail, 2512 Virginia Ave., NW, #58043, Washington, DC 20037". I want to make sure that if I become a member can they get me out of this dump? See if they have a phone number, or email address. These

---

[1] In a grievance attached to his Complaint, Plaintiff refers to this individual as "Olivia" Holmes and describes her as his fiancée. ECF No. 25-1 at 4.

crackers are losing their mind up here. They have a new Unit Manager who says that its like babysitting a bunch of two year olds, because we don't want to [b]e oppressed. If I don't get out of here I will [b]e in the hole very soon. So I am trying to avoid the eventual. TTYL.

ECF No. 25 ¶ 13; ECF No. 25-1 at 1.

### 2. Disciplinary charges

Based on Plaintiff's email to Holmes, Defendant Jason K. Kundick ("Kundick"), Captain of Security, filed a misconduct charge against Plaintiff for "threatening an employee or their family with bodily harm" and "threatening another person." ECF No. 25-1 at 2. As a result, Plaintiff was placed in punitive segregation in the RHU. ECF No. 25 ¶ 14.

Two hours after he arrived in the RHU, Defendant Kyle Bauer ("Bauer"), a corrections officer, served Plaintiff with notice of the misconduct report. In serving notice, however, Plaintiff alleges that Bauer improperly failed to include the DC-141, Part 2(A) "Inmate Request for Representation and Witness Form" and the DC-141, Part 2(c) "Hearing Supplement, Inmate Version, and Witness Statement Form," which are required to be served with a misconduct report under Pennsylvania Department of Corrections' ("DOC") policy. Id. ¶¶ 15-16.

On May 2, 2022, Defendant Lisa Fiscus ("Fiscus"), Disciplinary Hearing Officer, conducted a disciplinary hearing on these charges. Id. ¶ 17. Before the hearing, Plaintiff made several requests: (1) that Kundick be called as a witness; (2) that the hearing be continued until Plaintiff received proper service of the misconduct and to allow him an opportunity to obtain evidentiary support; (3) that a copy of his email to Holmes be produced at the hearing; and (4) that Fiscus watch video footage of Bauer improperly serving him with notice of the misconduct. Id. ¶¶ 17-18.

Fiscus refused Plaintiff's request to call Kundick as a witness, saying that the staff report provided a "full picture" of the charges and evidence. Id. As a result, the only evidence at the

hearing was Defendant Kundick's written report, Plaintiff's email, and Plaintiff's testimony. Id. ¶ 21.

Plaintiff was adjudicated guilty as to the charge of "threatening another person," but the second charge related to threatening an employee was dismissed. ECF No. 25-1 at 3. Fiscus sanctioned Plaintiff to 15 days in disciplinary custody. ECF No. 25 ¶ 22.

### 3. Grievances/appeals

Plaintiff alleges that prison officials denied him access to a grievance form in the RHU until at least 15 days after the incident occurred. Id. ¶ 25.

On May 19, 2022, Plaintiff submitted a DC-135A Inmate Request to Staff to grievance coordinator L. Reeher ("Reeher") regarding his concerns over the DC-ADM 801 policy and lack of time extension for him to bring claims related to SCI-Forest officials' intentional interference. Reeher informed Plaintiff that he could submit a late grievance, and that it would be considered. Id.

On May 23, 2022, Plaintiff filed a grievance regarding events relevant to his claims. ECF No. 25-1 at 4. The grievance was denied on the merits by C. Carter on June 16, 2022. Id. at 8. Plaintiff appealed from the initial grievance response. On July 18, 2022, Defendant Irwin upheld this decision on the merits on appeal. Id. at 7. Plaintiff then appealed to the Secretary's Office of Inmate Grievances and Appeals, and the decision was again upheld on the merits on final appeal. Id. at 8.

### B. Legal Claims

Based on these allegations, Plaintiff asserted two claims in his Amended Complaint. ECF No. 25. In Count I, he alleged that Defendants retaliated against him for exercising his First

Amendment rights. Id. ¶¶ 27-38. In Count II. Plaintiff alleged that Defendants violated his rights to due process under the Fifth and Fourteenth Amendments. Id. ¶¶ 39-51.

### C.      Procedural History

Plaintiff began this action on November 25, 2022, by lodging a complaint without moving for leave to proceed *in forma pauperis* ("IFP") or paying the filing fee. ECF No. 1. The Complaint was filed on April 3, 2023. ECF No. 8. Defendants moved to dismiss Plaintiff's claims. ECF Nos. 18 and 19. Plaintiff then filed the operative Amended Complaint. ECF No. 25.

On August 10, 2023, Defendants filed a Motion to Dismiss as to Plaintiff's Amended Complaint. ECF No. 27. On May 28, 2024, the Court granted in part and denied in part the Motion to Dismiss. ECF No. 51. Specifically, the Court dismissed with prejudice the claims against Defendants in their official capacities and dismissed without prejudice the claims against Defendant Irwin and Bauer. The Motion to Dismiss was denied in all other respects. Id.

### D.  Motion to Compel

On October 22, 2024, Plaintiff filed a Motion to Compel Production of Documents. ECF No. 64. In the Motion to Compel, Plaintiff asserts that he served his First Request for Production of Documents to Defendants on August 9, 2024, and that Defendants did not respond. ECF No. 64 ¶¶ 1, 3. Plaintiff also complains that he served his First Request for Admissions Directed to Defendants on August 20, 2024, and that Defendants did not respond. Id. ¶¶ 2-3. Plaintiff also filed a Memorandum in Support. ECF No. 66.

Defendants filed a Response to Plaintiff's Motion to Compel. ECF No. 67. In the Response, Defendants state that they received Plaintiff's Request for Production of Documents on August 21, 2024, and that they timely responded to this discovery request on September 17, 2024. Id. ¶ 7. In addition, Defendants state that they received Plaintiff's Request for Admissions on

September 3, 2024, and that they timely responded to this discovery request on September 19, 2024. Id. ¶ 8. Defendants note that their discovery responses raised appropriate objections to certain of Plaintiff's discovery requests. Id. ¶¶ 9-10.

On December 3, 2024, upon review of the Motion to Compel and Response in opposition, the Court issued an order directing Defendants to promptly file their responses to the Request for Production of Documents and Request for Admissions, so that they could be considered by the Court in deciding the pending Motion to Compel. ECF No. 71. On December 9, 2024, Defendants filed the discovery responses on the docket. ECF No. 72.

The Motion to Compel is ripe for consideration.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The proper scope of discovery and the extent to which discovery may be compelled are matters consigned to the Court's discretion and judgment. Rudolf v. Am. Int'l Grp., Inc., 2022 WL 2757684, at *1 (W.D. Pa. July 14, 2022). See also Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of demonstrating the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery

has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## III. DISCUSSION

Upon review of the Motion to Compel, the Response in opposition and the discovery responses at issue, it appears that the gist of the pending motion is that Plaintiff seeks to compel the production of documents. Generally, Plaintiff argues that the documents sought are relevant to his claims. ECF No. 65 at 2-5. The Court will address the six document requests and the sufficiency of Defendants' responses thereto.

### A. Request Nos. 1 and 5

As to Request Nos. 1 and 5, Plaintiff seeks employment related documents for Defendants Kundick and Fiscus.

> Defendant Kundick/Fiscus please produce any and all documents regarding your employment as a corrections officer or jail guard, including but not limited to any and all documents regarding investigations into purported misconduct and/or infractions. This request for production includes a request for your personnel files, training manuals and certificates, investigations of alleged misconduct, disciplinary actions or complaints against you, and any other documents in any way related to your employment as a corrections or jail guard with the State Correctional Institution at Forest, and any other correctional facilities where you have been employed.

> RESPONSE: OBJECTION. This request is objected to as being overly broad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. Answering Defendant further object based upon the privacy of the employees with respect to their personnel information, as well as upon the concerns that are affected within the populations of the State Correctional Institutions when particular inmates possess or have knowledge of certain records, information, and personal information about Department employees. Such information can be used

> to retaliate against employees or could be shared with members of the public related to inmates, who could assist in compromising the employee or families of employees, all of which would affect the Department's mission to provide safe and secure facilities throughout the Commonwealth.

ECF No. 72-2.

To the extent that litigants seek information contained in personnel files through the discovery process, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan–Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa. 1994) ("[P]ersonnel files are confidential and discovery should be limited.").

Smith v. Donate, No. 10-2133, 2011 WL 5593160 (M.D. Pa. Nov. 17, 2011), quoting Harris v. Harley–Davidson Motor Co. Operations, Inc., No. 09–1449, 2010 WL 4683776, at *5 (M.D.Pa. Nov. 10, 2010); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa. 1994) ("personnel files are confidential and discovery should be limited.").

Here, Plaintiff argues that personnel records pertaining to "complaints and allegations about these defendants" are highly relevant. ECF No. 65 at 3. This nonspecific assertion does not meet the burden initially placed on the Plaintiff to prove the relevance of the request for information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Plaintiff fails to specifically assert or demonstrate the "particularized relevance" of any of the broad categories of records sought in the requests.

While courts are reluctant to broadly prohibit discovery, given the breadth of these discovery requests, which implicate records having no bearing on any remaining claim asserted, the Court agrees with Defendants that these two document requests are overly broad, not limited

in time nor scope and not reasonably calculated to the lead to the discovery of admissible evidence. Further, in light of the roles of Defendant Kundick, as Captain of Security, and Defendant Fiscus, as Disciplinary Hearing Officer, they are frequently the subject of grievances and/or complaints such that it may be impossible to locate and obtain all grievances and/or complaints ever filed against them relative to their respective roles. The Motion to Compel to production of the personnel files of Kundick and Fiscus and other documents sought in Request Nos. 1 and 5 is denied.

### B. Request No. 2

Please produce any and all DOC's policy and training related manuals, guidelines, and consent decree procedures regarding the training of defendants Kundick and Fiscus in the areas of inmates' constitutional rights before the date of April 28, 2022 incident.

RESPONSE: Please refer to the 511 Training and Staff Development Policies, Bates stamped for production as DOC000001-DOC000043.

ECF No. 72-2.

As to this Request, it appears that Defendants have produced responsive documents.

### C. Request No. 3

Please produce any and all documents of any staff or inmate complaints, grievances, disciplinary actions and operative complaints in lawsuits which defendants Kundick, Fiscus are aware that deals with allegations that these defendants retaliated against an inmate or staff member for exercising their First Amendment right to free speech, or interfered with an inmates or staff members right to redress of grievance.

RESPONSE: OBJECTION. This request seeks information beyond the scope of Fed.R.Civ.P. 26(b)(1) by inquiring about matters which are not "relevant to any party's claim or defense." Furthermore, this request is not likely to lead to the discovery of admissible evidence. In addition, there is no time frame specified in this request.

Id.

As to this Request, the Court agrees with Defendants. This document request is overly broad, not limited in time nor scope and not reasonably calculated to the lead to the discovery of admissible evidence. In light of the roles of Defendant Kundick, as Captain of Security, and Defendant Fiscus, as Disciplinary Hearing Officer, they are frequently the subject of grievances and/or complaints. That said, Plaintiff's request may be narrowly tailored to account for time, scope and location. Therefore, Plaintiff is entitled to discover information identifying any litigation filed against Defendants Kundick and Fiscus in state or federal court in the last 5 years relative to SCI-Forest to the extent such litigation specifically alleged violation, by Kundick or Fiscus, of an inmate's First Amendment right to free speech based on use of email. Copies of any responsive court complaints and accompanying docket sheets must be provided.

### D. Request No. 4

> Please produce any and all documents regarding any citizen and departmental complaints of improper conduct against defendants during the course of their employment to the present day and any disciplinary actions taken against same defendants.
>
> RESPONSE: OBJECTION. This request is objected as seeks information that is overly broad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. Further, this request is objected and seeks information that is irrelevant and not reasonably likely to lead to the discovery of admissible evidence.

Id.

Upon review, the Court agrees with Defendants. This document request is overly broad, not limited in time nor scope and not reasonably calculated to the lead to the discovery of admissible evidence as it relates to the limited nature of the remaining claims in this action. Further, the Request is lacking in specificity and relevance as to "any citizen or department complaints."

9

E. Request No. 6

Please provide any and all documents regaring emails sent on April 27, 2022 to the security office at SCI-Forest deriving from A-Block on (2-10) shift.

RESPONSE: SCI-Forest security office does not have any emails from 2022 from A Unit on 2-10 shift.

Id.

As to this Request, it appears that no responsive documents exist. Thus, the Court cannot compel the production of documents that do not exist.

IV.   CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 64, is granted in part and denies in part. It is further ORDERED that Defendants must respond to Request No. 3, as modified by the Court, on or before January 3, 2025.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: December 12, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable J. Nicholas Ranjan
      United States District Judge

Omar Jackson
DT-7049
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239

All counsel of record via CM/ECF.